IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-88-RLJ-DCP |
| | ) | |
| EUNICE BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REVOKING PRETRIAL RELEASE**

A Petition for Action on Conditions of Pretrial Release ("Petition") [Doc. 18] was filed in this case against Defendant alleging that she has violated several of her pretrial conditions while on release. Defendant's Initial Appearance on the Petition was held on April 20, 2022, before the undersigned at which time she was advised of the contents of the Petition, and the Government moved to have her pretrial release revoked [Doc. 21]. While conceding violations of her pretrial conditions, Defendant requested a hearing for consideration of whether revocation or more restrictive conditions would be appropriate, which was scheduled by agreement for April 22, 2022.

At the April 22, 2022 hearing, Assistant United States Attorney Casey Arrowood appeared on behalf of the Government. Assistant Federal Defender Benjamin G. Sharp represented Defendant, who was also present. Initially, the parties submitted more restrictive conditions for the Court's consideration; however, after further questioning of the parties, the Court took a brief recess to consider the matter. At the conclusion of the recess, Attorney Sharp advised that after further consultation, Defendant decided to waive the hearing and agree to the revocation of her bond, conceding violations of her pretrial release conditions as set forth in the Petition.[1] Defendant

---

[1] Defense counsel also noted for the record that information stated in Defendant's proffer earlier in the hearing may not have been accurate, but was believed to have been accurate at the

voluntarily submitted herself to detention pending resolution of her case.

Based on the allegations of the Petition and Defendant's waiver, the Court finds probable cause exists to believe Defendant committed a state crime while on release, that clear and convincing evidence exists to establish that Defendant has violated other conditions of her release, and that no conditions or combinations of conditions of release will assure that Defendant will not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3148(b)(1) & (2). The Court also finds that Defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2). Thus, Defendant's release is revoked, without objection by Defendant. Defendant is **ORDERED** remanded to the custody of the U.S. Marshal pending resolution of her case. Defendant is to be confined, to the extent practical, separately from prisoners awaiting or serving sentences or detained pending appeal. Defendant shall be afforded reasonable opportunity to consult privately with counsel. On the order of any federal court or at the request of Government's counsel, Defendant shall be delivered to the United States Marshals service to be transported for a court proceeding.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

time the proffer was made, such that any misstatement was not intentional.